IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward Charles Cain, ) | |
| ) | Civil Action No. 6:15-4964-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Edward Charles Cain ("Cain"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 20).[2] Cain filed objections to the Report (ECF No. 23), and the Commissioner responded to those objections (ECF No. 24). Accordingly, this matter is now ripe for review.

**BACKGROUND**

Cain applied for DIB on October 17, 2011, alleging disability beginning on July 20, 2008. Cain's application was denied initially and on reconsideration. On March 4, 2014, an

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.
[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Administrative Law Judge ("ALJ") heard testimony from Cain and a vocational expert. On August 5, 2014, the ALJ issued a decision denying Cain's claim.

In his decision, the ALJ found that Cain suffered from the following severe impairments: right and left knee pain, right hip pain, right and left shoulder pain, and obesity. (ECF No. 20 at 2). The ALJ went on to find that Cain's impairments did not meet or medically equal the criteria for any of the listed impairments through the date last insured of December 31, 2012. The ALJ found that, despite Cain's limitations, jobs existed in substantial numbers in the national economy that he could have performed. (ECF No. 20 at 3). Cain sought review of his case by the Appeals Council. The Appeals Council denied Cain's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates

more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

In his objections, Cain contends that the magistrate judge erred by finding (1) that substantial evidence supported the ALJ's finding that Cain did not have an impairment or combination of impairments that met or medically equaled the severity of Listing 1.02[3] and (2) that the ALJ properly addressed the examining physicians' and expert's opinion evidence.

First, Cain alleges that the ALJ erred because evidence shows that Cain meets some of the factors cited in § 1.00B2b(2), such as the inability to walk a reasonable distance at a reasonable pace and the inability to carry out routine ambulatory activities, and, therefore, he meets the definition of "inability to ambulate effectively." (ECF No. 23 at 2). The inquiry before the court is whether the ALJ's determination that, despite Cain's lower extremity joint impairments, he did not satisfy Listing 1.02 is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589.

Listing 1.02 provides, in relevant part:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> > A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b . . . .

---

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.02.  Guidance for defining the inability to ambulate effectively is provided in the introductory comments to the Musculoskeletal Listings:

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B2b(1).  The comments further provide several examples of ineffective ambulation, such as the inability to walk a block at a reasonable pace on rough or uneven surfaces; use public transportation; perform routine activities that require walking, such as shopping and banking; and climb a few steps at a reasonable pace with the use of a hand rail. *Id.* § 1.00B2b(2).

The ALJ detailed ways in which the record established Cain's ability to ambulate effectively.  (ECF No. 10-2 at 15–25).  The fact that Cain regularly appeared at medical appointments without using a hand-held assistive device showed that he could ambulate effectively without the use of a hand-held assistive device, thereby falling short of the general definition in § 1.00B2b(1).  (ECF Nos. 10-7 at 4, 9, 11, 15, 17, 23–31, 73, 84, 96–97 and 10-8 at 5, 7).  Moreover, the record contains no medical documentation establishing that Cain required the use of a hand-held assistive device and describing the circumstances for which it was needed. *See* SSR96-9p, 1996 WL 374185, at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed

(i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."). Furthermore, Cain conceded to Dr. Korn during an examination, as well as in his objections, that he did not use a cane much for walking "so he did not get into the habit of [using] it." (ECF Nos. 10-7 at 41, 43, 64 and 23 at 2).

As described by the magistrate judge, the record indicates that Cain was able to perform routine ambulatory activities such as walking up and down stairs, picking up a few items from the grocery store, handling light household chores, and attending his daughter's school functions. (ECF No. 10-7 at 41, 84). The record also indicated that Cain walked on a treadmill and exercised at a gym. (ECF Nos. 10-7 at 11 and 10-8 at 13). These activities are incompatible with the severity required to meet Listing 1.02.

Cain relies on the opinion of Dr. Bruce in his objection to assert his impairment. (ECF No. 23 at 2). However, as the magistrate judge addressed, the ALJ gave limited weight to the opinion of Dr. Bruce due to inconsistency with diagnostic testing, inconsistency with Cain's daily activities as described in the record, and the fact that Dr. Bruce gave percentage disability ratings for worker's compensation purposes that did not set forth any functional limitations and were of limited value for assessing Cain's work capacity. (ECF No. 10-2 at 23–24). Additionally, Cain mentions his BMI and alleges that it "cannot possibly under any circumstance help his knees get better . . . ." (ECF No. 23 at 3). The ALJ addressed Cain's BMI in detail and stated that its effects "have been considered when determining a residual functioning capacity," and "in reaching the conclusions herein." (ECF No. 10-2 at 19–20); *see Johnson v. Colvin*, C.A. No. 2:12-cv-1475-JMC, 2013 WL 5139122, at *11 (D.S.C. Sept. 11, 2013) ("The court is permitted to take the ALJ at his word." (citing *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (taking the ALJ at his word when he stated that he considered all of the claimant's

impairments in combination))).  In making his determination regarding Listing 1.02, the ALJ considered the entire record.  (ECF No. 10-2 at 15) ("[T]he record is devoid of evidence of involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate efficiently . . .").  In his objection, Cain points to no additional evidence supporting his position.  Reviewing the record as a whole, Cain has failed to demonstrate that the ALJ's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  *See Celebrezze*, 331 F.2d at 545 (stating that the claimant has the burden of proof).

Second, Cain alleges that the ALJ erred by failing to give greater weight to the opinions of Drs. Bruce, Korn, Tollison, and Fridy and by giving too much weight to the opinions of Drs. Clarke and Stallworth.  (ECF No. 23 at 3).  Cain reiterates the same argument that was presented to and addressed in depth by the magistrate judge.  *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589; *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." (citation omitted)).

Cain's argument was adequately addressed in the clear and well-reasoned Report.  Like the magistrate judge, the court finds that the ALJ properly considered the opinions and that substantial evidence supports the weight that he afforded to those opinions.  *See e.g., Stanley v. Barnhart*, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functional capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); *see also* 20 C.F.R. § 404.1527(e)(2)(i) (State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly

qualified . . . [and] are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider [their] findings and opinions as opinion evidence").

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Cain's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Cain's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 3, 2017